IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH WAYNE EASTON,<br>    Plaintiff, | :<br>:<br>: |
| v. | :     CIVIL ACTION NO. 21-CV-5464 |
| AMANDA LYNNE BERNIER, *et al.*,<br>    Defendants. | :<br>:<br>: |

## MEMORANDUM

**McHUGH, J.**                                                                                                            **JANUARY 18, 2022**

Plaintiff Joseph Wayne Easton, a pretrial detainee at Northampton County Prison ("NCP"), filed this civil right action *pro se* naming as Defendants Assistant District Attorney Amanda Lynne Bernier, NCP Warden David J. Penchishen, and NCP Captain Collins. Each are sued in official capacities only. Easton seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Easton leave to proceed *in forma pauperis* and dismiss his Complaint in part with prejudice and in part without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.     FACTUAL ALLEGATIONS

Mr. Easton's factual allegations are brief. He asserts that he was arrested on a domestic violence charge on August 28, 2021 even though both he and his fiancé, the alleged victim, tried to explain to authorities that it was a misunderstanding. (ECF No. 1 at 68.)[1] He asserts his fiancé refused to be a witness but the District Attorney, presumably Defendant Bernier, refused to drop the charges. (*Id.*) Easton seeks money damages. (*Id.*)

---

[1]      The Court adopts the pagination supplied by the CM/ECF docketing system.

A review of public records shows that Mr. Easton was arrested on August 28, 2021 by the Bethlehem City Police Department and charged with aggravated assault, reckless endangerment, simple assault, and possession of a weapon. *See Commonwealth v. Easton*, MJ-03201-CR-0000131-2021. Defendant Bernier is listed as the Assistant District Attorney who appeared for the Commonwealth in the Magisterial District Court. *Id*. The charges were later transferred to the Court of Common Pleas of Northampton County where they remain pending. *See Commonwealth v. Easton*, CP-48-CR-0002575-2021 (C.P. Northampton).

## II.   STANDARD OF REVIEW

The Court will grant Easton leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Easton's Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Easton is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

---

[2] Because Easton is a prisoner, he must still pay the $350 filing fee in installments as required by the Prison Litigation Reform Act.

**III.   DISCUSSION**

Mr. Easton seeks money damages for constitutional claims.  The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

**A.   Claims against ADA Bernier**

Prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).  Absolute immunity extends to the decision to initiate a prosecution, *Imbler*, 424 U.S. at 431, including "soliciting false testimony from witnesses in grand jury proceedings and probable cause hearings," *Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992), presenting a state's case at trial, *Imbler*, 424 U.S. at 431, and appearing before a judge to present evidence. *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020).  Because the claim against ADA Bernier is based upon her actions in charging Easton with crimes and refusing to drop those charges, all of which are acts intimately associated with the judicial phase of the criminal process, Bernier is absolutely immune.  Accordingly, the claims against her are dismissed with prejudice.

### B. Official Capacity Claims

Easton also names as Defendants NCP Warden Penchishen and NCP Captain Collins. Claims against County officials named in their official capacity are indistinguishable from claims against the municipality that employs them, here Northampton County. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.*

To plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *See Monell*, 436 U.S. at 694. "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). For a custom to be the proximate cause of an injury, a plaintiff must establish that the Defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to [plaintiff's] injury." *Id.* (internal quotations and alterations omitted). Allegations that simply paraphrase the standard for municipal liability, are too vague and generalized to support a claim against the

City. *See, e.g.*, *Szerensci v. Shimshock*, Civ. A. No. 20-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021) ("Plaintiffs' conclusory allegation, which generally paraphrases the relevant standard, is insufficient to state a claim for § 1983 liability under *Monell*.") (citing cases).

The claims for money damages Mr. Easton seeks to assert against these Defendants in their official capacities must be dismissed since he makes no allegation that he suffered a constitutional injury as a result of a policy or custom of Northampton County. Moreover, Easton fails to explain how Warden Penchishen or Captain Collins were even involved in the decision to proceed with the prosecution against him even though his fiancé refused to be a witness in the case. For these reasons, the claims against will be dismissed. However, because the Court cannot say at this time that Easton can never assert plausible claims against Warden Penchishen or Captain Collins, the dismissal will be without prejudice and Easton will be granted an opportunity to file an amended complaint if he is capable of curing the defect the Court has identified in his claims against these Defendants.

## IV.   CONCLUSION

For the foregoing reasons, the Court will Mr. grant Easton leave to proceed *in forma pauperis* and dismiss his official capacity claims against Warden Penchishen or Captain Collins without prejudice. His claim against ADA Bernier will be dismissed with prejudice. Because the Court cannot say at this time that Easton can never state a plausible claim against Warden Penchishen or Captain Collins, he will be granted leave to file an amended complaint. An order follows with additional information about amendment.

                                      **BY THE COURT:**

                                          /s/ Gerald Austin McHugh

                                      **GERALD A. McHUGH, J.**