IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH WAYNE EASTON, <br>     Plaintiff, | : <br> : <br> : |
| v. | :    CIVIL ACTION NO. 21-CV-5464 |
| | : |
| DAVID J. PENCHISHEN, *et al.*, <br>     Defendants. | : <br> : |

**MEMORANDUM**

**McHUGH, J.**                                                                                   **FEBRUARY 10, 2022**

In a prior Memorandum and Order, *Easton v. Bernier*, No. 21-5464, 2022 WL 170641, at *1 (E.D. Pa. Jan. 18, 2022), the Court dismissed the civil rights Complaint filed by Plaintiff Joseph Wayne Easton, a pretrial detainee at Northampton County Prison ("NCP"). The claim against Defendant Assistant District Attorney Amanda Lynne Bernier was dismissed with prejudice and the claims against NCP Warden David J. Penchishen, and NCP Captain Collins were dismissed without prejudice. Easton was granted leave to file an amended complaint if he was able to cure the defects in the claims dismissed without prejudice. Easton has now returned with an Amended Complaint ("AC"). For the following reasons, the AC is dismissed in part with prejudice and in part without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.     **FACTUAL ALLEGATIONS**

In his AC, Mr. Easton cites legal cases and makes legal arguments but again provides only brief factual allegations. He asserts that he was sent to solitary confinement on December 17, 2021 due to a verbal confrontation. (ECF No. 12 at 12.)[1] He asserts he was given a formal

---

[1]     The Court adopts the pagination supplied by the CM/ECF docketing system.

misconduct report that he signed stating he had 24 hours to prepare a defense. He claims he did not receive a hearing and was not given an opportunity to procure witnesses. (*Id*.) He asserts this constituted a due process violation. (*Id*. at 12-13.)

Mr. Easton also alleges he has been incarcerated since August 28, 2021 in lieu of $100,000 bail after being charged with assault. (*Id*. at 13.) He asserts he has tried to get his attorney to seek lower bail, but the attorney has not answered his letters. He has also "tried to alert Warden of Jail," presumably Defendant Penchishen, but "all correspondences to him remain unanswered." (*Id*.) He asserts his Eighth Amendment right not to be subject to excessive bail has been infringed. (*Id*.)

Next, Easton argues that his right to access the courts has been infringed because he has been denied requests to make copies of documents "to be able to present his case in a presentable manner to the Courts." (*Id*. at 14.) Specifically, his request to copy a subpoena was denied, which he claims "hampers Plaintiff's defense." (*Id*.) Easton has filed prison grievances about this issue but was told by Defendant Captain Collins that his issue was "non-grievable." (*Id*. at 15.) Collins allegedly told Easton he was "uninteligble" and Easton would lose his privilege to use an electronic tablet "for harassment." (*Id*.) He complained to Warden Penchishen but received no response. (*Id*.) Easton seeks money damages of $100,000 to pay his bail and money damages in an unspecified amount to compensate him for his lost pay and the economic set back to his family. (*Id*. at 5.)

Attached to the AC is a copy of a January 11, 2022 communication from Defendant Collins to Easton in which Collins denies Easton's request for a grievance form "at this time, due to your request for said form being unintelligible. I am unable to make out or understand as to what your issues are and why you feel you need a Grievance Form. Please re-write your request

more clearly and resubmit asap." (*Id*. at 17.) Also attached is a copy of a grievance Response with an unidentified signature advising Easton that a grievance he filed on October 22, 2021 was found to be not grievable. (*Id*. at 18.)

## II.     STANDARD OF REVIEW

As the Court granted Easton leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Easton's AC if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Easton is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.    DISCUSSION

Mr. Easton seeks money damages for constitutional claims. The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

  **A.** **Claims based on grievances**

Mr. Easton's allegations that Defendant Collins refused to accept his grievance, the denial of the grievance evinced by Easton's attachment, and his allegation that Warden Penchishen ignored his grievances are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Claims based on the handling of prison grievances fail because "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (*per curiam*); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (*per curiam*). Collins's allege threat to take away Easton's use of an electronic tablet to file grievances because he allegedly abused the grievance system also fails to allege a plausible claim. *See Concepcion v. Russell*, No. 21-1060, 2021 WL 2529816, at *4 (E.D. Pa. June 21, 2021) (stating that since prisoners have no constitutional right to a grievance process, it follows that placing a prisoner on grievance restriction does not independently violate the constitution) (citing *Rosado v. Virgil*, No. 09-156, 2011 WL 4527067, at *9 (W.D. Pa. Sept. 28, 2011)).

  **B.** **Claims based on excessive bail**

Even if Easton had alleged that Defendants Collins or Penchishen were personally involved with his inability to get his bail reduced, which he has not, the claim would not be plausible. The Eighth Amendment provides that defendants in a criminal case are entitled to reasonable bail. While a claim of excessive bail may be cognizable under § 1983, *see James v.*

4

*York Cty. Police Dep't*, No. 01-1015, 2004 WL 3331865, at *7 (M.D. Pa. Aug. 17, 2004), *report and recommendation adopted*, 2005 WL 1154500 (M.D. Pa. May 6, 2005), *aff'd,* 160 F. App'x 126 (3d Cir. 2005), prison officials in Pennsylvania cannot be held liable in a civil rights action for damages for violating a criminal defendant's right to reasonable bail since setting bail is a judicial function. *Harrison v. Abraham,* No. 96-4262, 1997 WL 256970, at *20-21 (E.D. Pa. May 16, 1997) (granting summary judgment in favor of prosecutor on excessive bail claim because, "under the relevant Pennsylvania Rules of Criminal Procedure in effect throughout the pendency of Mr. Harrison's criminal case, only judges and certain 'issuing authorities,' such as bail commissioners, had the authority to set and reduce bail"); *Lutz v. Lavelle,* 809 F. Supp. 323, 327 (M.D. Pa. 1991) (dismissing a § 1983 claim for failure to provide reasonable bail, stating that a state prosecutor may not be held liable for excessive bail because setting bail is within the sole province of the judicial authority). Accordingly, the excessive bail claim will be dismissed with prejudice.

  **C.**  **Claims based on the failure to receive a due process hearing and access to the courts**

The balance of the claims Easton asserts in his AC must be dismissed because neither of the named Defendants is alleged to have been personally involved in the events giving rise to the claims. Easton fails to allege that Collins was personally involved in denying him a due process hearing when he was given a misconduct charge,[2] or that Collins personally acted to block his

---

[2] With respect to Easton's due process claim arising from his disciplinary sanction, for pretrial detainees, "the imposition of disciplinary segregation for violation of prison rules and regulations cannot be imposed without providing the due process protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 . . . (1974)." *Kanu v. Lindsey*, 739 F. App'x 111, 116 (3d Cir. 2018). Such protections "include the right to receive written notice of the charges at least 24 hours before the hearing, the opportunity to present witnesses and documentary evidence, and a written statement of the reasons for the disciplinary action taken and the supporting evidence." *Id.* (citing *Wolff*, 418 U.S. at 563-66); *see also Stevenson v. Carroll,* 495 F.3d 62, 70 (3d Cir. 2007).

5

access to the courts, aside from returning a grievance form because it was unreadable,.[3] The only allegation Easton makes regarding Warden Penchishen is that, as the warden, he is "the main entity, the head of administration and operational functions of this facility who would be 'source' to change the procedural due process violation this jail keeps committing without sanctions." (ECF No. 12 at 15.)

"A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). *See also Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Furthermore, reviewing a grievance form is insufficient under *Rode* to show personal involvement by the recipient. *Dooley*, 957 F.3d at 374 (holding that attaching documents to grievance form is insufficient under *Rode* to show personal direction or actual knowledge by recipient of underlying facts)). Because Easton fails to allege any personal involvement by Defendant

---

[3] For purposes of Easton's access to courts claim, "[a] prisoner making an access-to-the-courts claim is required to show that the denial of access caused actual injury." *Jackson v. Whalen*, 568 F. App'x 85, 87 (3d Cir. 2014) (*per curiam*) (quoting *Lewis v. Casey*, 518 U.S. 343, 350 (1996)). This is because the right of access to the courts "rest[s] on the recognition that the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). In other words, a prisoner claiming that he was denied access to the courts must allege an injury traceable to the conditions of which he complains. *Diaz v. Holder*, 532 F. App'x 61, 63 (3d Cir. 2013) (*per curiam*) (affirming dismissal of denial of access claims where plaintiff failed to tie alleged deficiencies in library to harm in underlying action). In general, an actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. *Christopher*, 536 U.S. at 415.

Collins, the due process and access to courts claims against him will be dismissed without prejudice.

Mr. Easton appear to allege that Warden Penchishen is liable because he is the person in charge of NCP. There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.*

Generalized allegations that a supervisory defendant is "in charge of" or "responsible for" an office or facility are insufficient to allege personal involvement in an underlying constitutional violation. *See Saisi v. Murray*, 822 F. App'x 47, 48 (3d Cir. 2020) (*per curiam*) ("Saisi asserted that some defendants were 'in charge of agencies that allowed this to happen,' and that liability stemmed merely from defendants' 'belief' that their conduct would be 'tolerated.' However, a director cannot be held liable 'simply because of his position as the head of the [agency].'" (quoting *Evancho v. Fisher*, 423 F.3d 347, 354 (3d Cir. 2005)). At its core, Easton is attempting to hold Penchishen liable for the incidents he describes merely because the Defendant is in charge of the facility, rather than due to any personal involvement. For this

reason, the realleged claims in the AC based on based on the failure to receive a due process hearing and access to the courts must be dismissed.

IV.     **CONCLUSION**

For the foregoing reasons, the Court will dismiss all claims based on the handling of grievances and excessive bail with prejudice.  The claims based on the failure to receive a due process hearing and Easton's access to the courts claims will be dismissed without prejudice. Because the Court cannot say that Easton can never assert these claims against a defendant who was personally involved in the alleged constitutional violation, the case will be dismissed without prejudice and Easton will be granted another opportunity to amend if he is able to identify a person who was personally involved in a violation of his constitutional rights.  An order follows with additional information about amendment.

**BY THE COURT:**

**/s/ Gerald Austin McHugh**

**GERALD A. McHUGH, J.**